UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Henry Beeson, | ) | C/A: 2:16-1164-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| South Carolina, State of | ) | |
| | ) | |
| Defendant. | ) | |

This is a civil action filed by the Plaintiff, Henry Beeson, pro se.[1] Plaintiff filed a supplement to his Complaint on April 27, 2016.

Although Plaintiff is not proceeding in forma pauperis, this filing is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing; that subject matter jurisdiction exists; and that a case is not frivolous.[2] See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. Aug. 22, 2012); Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000); see also Pillay v. INS, 45 F.3d 14, 16–17 (2d Cir. 1995)[noting that although 28 U.S.C. § 1915(d) was not applicable where a pro se party filed an appeal and paid the filing fee, the court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"]. Therefore, this Complaint is subject to review pursuant to the

---



[1] While the caption of the Complaint lists "The Beeson's" as the party Plaintiff, the Complaint is signed solely by Henry Beeson (of the "House and Family of Beeson").

[2] Pre-screening under 28 U.S.C. § 1915 is inapplicable in pro se, non-prisoner, fee-paid cases. See Bardes v. Magera, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134, at *8–10 (D.S.C. June 25, 2008) [finding persuasive the Sixth Circuit's opinion in Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued in forma pauperis.

inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous. See, e.g., Carter v. Ervin, No. 0:14–cv–00865–TLW–PJG, 2014 WL 2468351 (D.S.C. June 2, 2014), appeal dism'd, 585 F. App'x 98 (4th Cir. 2014); Cornelius v. Howell, No. 3:06–3387–MBS–BM, 2007 WL 397449, *3 (D.S.C. Jan. 8, 2007), adopted by, 2007 WL 4952430 (D.S.C. Jan. 30, 2007), aff'd, 251 F. App'x 246 (2007), cert. denied, 553 U.S. 1057 (2008).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). Nonetheless, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).



2

Here, the Complaint in this case can fairly be characterized by what some courts have described as "buzzwords" or "legalistic gibberish." See, e.g., Rochester v. McKie, No. 8:11–797, 2011 WL 2671228, at *1 (D.S.C. July 8, 2011) (citing Yocum v. Summers, No. 91–3648, 1991 WL 171389, at *1 (N.D.Ill. Aug. 30, 1991)). Although Plaintiff mentions numerous statutes and purports to allege twenty-eight claims for relief, his allegations are so generally incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or "gibberish," that it is unclear what is to be made of them. See Hagans v. Lavine, 415 U.S. 528, 536-537 (1974) [Noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"]; see also Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2nd Cir. 1998); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)[Affirming dismissal of plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face].

Specifically, Plaintiff has failed to include sufficiently clear factual allegations against the named Defendant to maintain this action. While Plaintiff discusses numerous individuals, government agencies, and entities in the narrative of his Complaint (if it can be characterized in that way), he fails to allege any personal responsibility or personal wrongdoing in connection with the alleged violations of any of Plaintiff's constitutionally protected rights.[3] Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "a short and plain statement" of the basis for the court's jurisdiction and of the basis for a plaintiff's

---

[3]Although not listed as Defendants in the caption of his Complaint, Plaintiff does list eighty-six individuals, government agencies and entities on pp. 9-15 of his Complaint, wherein he may be intending to list them all as separate Defendants. However, even if this was his intention (or he was to amend his Complaint to add them as Defendants), his claims would still fail as he fails to make any specific, comprehensible allegations against them.



3

claims against each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"]. Additionally, it is also unclear from the Complaint what relief Plaintiff is requesting. Although he included a "Request for Relief" section in his complaint, he merely wrote:

> All I want is what is required by Law for the following violations of these Laws "Title 15, USC 1&2, Title 18 USC 241, 242, 371, 2384, 2385, and Title 42 USC 1983, 1984, 1985, 1986" and I also need the Court to follow the Law for Title 18 USC 3771. I feel that these Corporate Entities, Agents and Individuals will come after me for anything they can for me filing this case against them for my Civil Rights. According to my research the figure that is in my claim is correct in its amount.

ECF No. 1 at 41. As such, were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion, which is barred by Article III of the Constitution. Preiser v. Newkirk, 422 U.S. 395, 401 (1975); see also Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) [federal courts do not render advisory opinions].

Further, while Plaintiff may be attempting to assert claims pursuant to 42 U.S.C. § 1983, section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)).[4] However, Plaintiff has failed to allege

---

[4] A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States". Rehberg v. Paulk, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).



4

any comprehensible claim that any of his rights under the Constitution or the laws of the United States have been violated. Although Plaintiff also requests relief under 42 U.S.C. § 1985 (Conspiracy to interfere with civil rights), he has made no allegations of a conspiracy of any type or a conspiracy to interfere with civil rights. In any event, the Supreme Court has held that in order to maintain a claim under § 1985, a plaintiff must show that the alleged conspiracy was motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102(1971); see 42 U.S.C. § 1985(3); see also Trerice v. Summons, 755 F.2d 1081, 1084 (4th Cir. 1985). Plaintiff has not alleged a racial basis for his claim of conspiracy.

Plaintiff also alleges a violation of 42 U.S.C. § 1984. However, he has no possible claim under this statute, as it has been omitted from the U.S. Code. See 42 U.S.C. § 1984. As for Plaintiff's requested relief for violations of "Title 15 USC 1&2;" ECF No. 1 at 41; Plaintiff has failed to state a cause of action under these antitrust statutes.[5]

Plaintiff also states that he is requesting relief for violations of 18 U.S.C. §§ 241, 242, 371, 2384, and 2385. However, these are criminal statues that do not give rise to civil liability or authorize a private right of action. See United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003)[finding that the District Court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal

---

[5]To establish an antitrust violation under § 1 of the Sherman Act, 15 U.S.C. § 1, a plaintiff must prove (1) the existence of a conspiracy, combination, or contract; (2) a restraint on trade; and (3) an effect on interstate commerce. Christiana Mortg. Corp. v. Delaware Mortg. Bankers Ass'n, 136 F.R.D. 372, 382 (D.Del. 1991)(citing Weiss v. York Hosp., 745 F.2d 786, 812 (3d Cir.1984). To establish monopolization or attempted monopolization in violation of § 2 of the Sherman Act, 15 U.S.C. § 2, plaintiff must prove (1) possession of monopoly power in a relevant market (or a dangerous probability of achieving monopoly power); (2) a specific intent to monopolize; and (3) that defendants engaged in predatory or anticompetitive conduct. See Spectrum Sports, Inc. v. McQuillian, 506 U.S. 447 (1993); see also United States v. Grinnell Corp., 384 U.S. 563 (1966).



5

statutes]; Farris v. Garden City, No. 15-1078-MLB, 2015 WL 3949244, *3 (D.Kan. June 29, 2015)[Section 2385 "is a criminal statue, which does not provide for a private cause of action."]; Horn v. Brennen, 840 F.Supp. 2d 576, 582 (E.D.N.Y.2011)[criminal conspiracy under 18 U.S.C. § 371 does not provide for a private cause of action]; Keyter v. Bush, No. 08-97, 2008 WL 613129 (D. Del. Mar. 5, 2008) [noting that 18 U.S.C. § 2384, a criminal statute concerning seditious conspiracy, does "not provide a private right of action"].[6] Although Plaintiff asserts that he needs the Court to "follow" 18 U.S.C. § 3771, which concerns crime victims' rights, he fails to allege any facts indicating that he was a crime victim or that this statute was not "followed." Additionally, to the extent that Plaintiff is requesting a criminal prosecution, it is well settled that individuals such as the Plaintiff here have no constitutional right to, or in fact any judicially cognizable interest in, the criminal process or non-prosecution of another person. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)[A private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another person]; Diamond v. Charles, 476 U.S. 54, 64–65 (1986) [applying Linda R.S. v. Richard D. and collecting cases]; Collins v. Palczewski, 841 F.Supp. 333, 340 (D.Nev.1993) ["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"].

Plaintiff may be attempting to litigate or re-litigate matters pertaining to a state court foreclosure action which he, along with his mother (Florine Beeson), attempted previously to

---

[6]In his supplement to his Complaint, Plaintiff states that persons he mentions are "guilty of Title 15 USC 1&2, Title 18 USC 241, Title 18 USC 474, Title 18 USC 504, Title 18 USC 472, Title 18 USC 473, Title 18 USC 475, Title 22 USC 617 and Title 42 USC 1983." ECF No. 3 at 8. The additional statutes in Title 18 noted in this statement concern counterfeit obligations and securities and/or imitating obligations or securities; advertisements, see Title 18 U.S.C. §§ 472-475, for which Plaintiff has made no relevant allegations. Title 22 U.S.C. § 617 concerns liability as to "an agent of a foreign principal," of which Plaintiff has made no applicable allegations here.



6

remove to this court (the action was remanded to the state court). See Bank of America v. Beeson, No. 2:15-cv-02926-RMG (D.S.C.).[7] However, as noted in that action, Henry Beeson was not a party to the action that was removed and thus lacked authority to remove that action. See Sizelove-Farmer v. Johnson, No. 1:13-cv-03041-JMC, 2014 WL 4056267 (D.S.C. Aug. 13, 2014)[granting the plaintiff's motion to remand where state court action was removed by non-party insurance company even though it claimed it had the right to appear on behalf of the defendant as a real party in interest]; Andersen v. Khanna, 827 F.Supp.2d 970, 974 (S.D. Iowa 2011 ) [finding that "[a] non-party to a state court proceeding has no right to remove that proceeding to federal court .... This is true even if the non-party has an interest or a stake in the proceedings."](citations omitted); In re Notice of Removal by William Einhorn, 481 F.Supp.2d 345, 348 (D.N.J. 2007)[opining that "[t]o interpret 'defendant' to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by 'defendants' to claims asserted by a plaintiff."]. Further, to the extent that Plaintiff is attempting in this action to assert any claims on behalf of his mother or the "House & Family of Beeson" (see ECF No. 1 at 52; Plaintiff's Aff., ECF No. 1-1; ECF No. 3 at 10), he may not do so. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)[a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant]; Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972).

---

[7]A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

7

Finally, to the extent that Plaintiff may be requesting monetary damages, the State of South Carolina is entitled to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945));[8] see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989);

---

[8] A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and neither a State nor its officials acting in their official capacities are "persons" under § 1983. Will v. Michigan Dep't. of State Police, 491 U.S. at 71 (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). As such, it is no different from a suit against the State itself. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Monell v. New York City Dep't. of Social Servs., 436 U.S. 658, 690, n. 55 (1978).

8

Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions, as the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

### Recommendation

Accordingly, it is recommended that the Court summarily dismiss the above-captioned case without prejudice. See Ross v. Baron, 493 F. App'x at 406; Fitzgerald, 221 F.3d at 363–64.

_____
Bristow Marchant
United States Magistrate Judge

July 13, 2016
Charleston, South Carolina

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

10

